UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ONECALL LTD.,

                      Plaintiff,

          -v-

IYOGI, INC.,

                      Defendant.
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 14, 2016

16-cv-766 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On August 10, 2016, the Court found defendant iYogi, Inc. ("iYogi") liable for breach of contract. (ECF No. 31.) The sole remaining issue is the amount of damages iYogi owes to plaintiff OneCall Ltd. ("OneCall"[1]). On August 30, 2016, OneCall moved for summary judgment on damages. (ECF No. 35.) iYogi has not opposed the motion. For the reasons discussed below, the Court GRANTS OneCall's motion.

I.     BACKGROUND

    A.     Undisputed Facts[2]

On April 17, 2015, OneCall and iYogi entered into the services contract at issue in this dispute, the Marketing Services Agreement ("MSA"). (ECF No. 36-1;

---

[1] In contemporaneous documents underlying this dispute, such as the contract at issue, OneCall is also known as "Noproblem".

[2] The Court notes that OneCall did not file a statement of undisputed material facts in conjunction with its motion for summary judgment on damages (ECF No. 35) as required by Local Civil Rule 56.1. However, it is appropriate to treat these facts as undisputed because (1) iYogi does not contest OneCall's motion (see ECF Nos. 34, 38); and (2) many of the relevant facts were set forth in the Rule

see also ECF No. 21 ¶ 1.)  The MSA is governed by New York State law. (ECF No. 36-1 at 5 ¶ 15.)  Under the MSA, OneCall agreed to telephonically connect customers seeking technical support services with iYogi service providers. (ECF No. 36-1 at 2; see also ECF No. 21 ¶ 1.)  In return, iYogi agreed to pay OneCall a set fee for each call OneCall connected to iYogi that lasted longer than sixty seconds (ECF No. 36-1 at 3 ¶ 2 ("Fees"), 6 ("Exhibit A"); see also id. at 2 ("Defined Terms").)  The MSA had an initial term of one year, unless either party elected to terminate the contract pursuant to any of the specified termination provisions.  (Id. 3 ¶ 5.)

On August 7, 2015, iYogi informed OneCall in writing that it sought to unilaterally terminate the MSA under Section 5(b)(ii) because, as contemplated by that provision, iYogi had determined that it was "commercially impractical" to continue performing.  (ECF No. 36-4 at 2; see also ECF No. 36-1 at 3 ¶ 5(b)(ii).) OneCall kept performing until August 23, 2015 (ECF No. 37 at 5; see also ECF No. 21 at 6), as required by Section 5(d) of the MSA (see ECF No. 36-1 at 3 ¶ 5(d) (providing that, "[u]pon termination of this Agreement", OneCall will "continue [to] provide the services as per the Agreement and Exhibit A attached hereto")).

It is undisputed that, both before and after iYogi's termination, OneCall provided iYogi with $145,270 worth of services for which iYogi never paid.  (ECF No. 37 at 5 (citing ECF Nos. 36-3; 36-5).)  iYogi acknowledged to OneCall that it

---

56.1 statement OneCall filed in connection with its motion for summary judgment on liability (ECF No. 21) and were unopposed by iYogi in the context of that motion (ECF No. 29).

owed this debt multiple times between September 2015 and the commencement of this litigation in February 2016.  (See ECF No. 37 at 5-7 (citing ECF Nos. 36-6-15).)  For instance, in October 2015, iYogi sent an email and a signed letter to OneCall stating that "iYogi has an outstanding balance of USD 145,270 towards [OneCall]" and setting forth a schedule to complete payment by December 2015 in three installments.  (ECF Nos. 36-10, 36-11.)

    B.    <u>Litigation History</u>

On February 2, 2016, OneCall commenced this action against iYogi for breach of contract.  (ECF No. 1.)  On July 8, 2016, OneCall moved for summary judgment on liability (ECF No. 20), and the Court subsequently granted that motion as unopposed (ECF No. 31).  On August 30, 2016, OneCall filed the instant motion for summary judgment on damages (ECF No. 35), the sole remaining issue in the case.  Although iYogi had stated in its opposition to OneCall's motion for summary judgment on liability that it did "contest the amount of damages OneCall incurred" (ECF No. 27 at 4), iYogi later "ceased work" on this matter (ECF No. 34) and ultimately did not oppose OneCall's summary judgment motion on damages.

II.    LEGAL STANDARDS

    A.    <u>Summary Judgment Standard</u>

Summary judgment may not be granted unless a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating "the

absence of a genuine issue of material fact". <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  When the moving party does not bear the ultimate burden on a particular claim or issue, it need only make a showing that the non-moving party lacks evidence from which a reasonable jury could find in the non-moving party's favor at trial.  <u>Id.</u> at 322-23.  This burden remains even when a party's motion is unopposed.  <u>See</u> <u>Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244 (2d Cir. 2004) (quoting <u>Amaker v. Foley</u>, 274 F.3d 677, 681 (2d Cir. 2001)).

      In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor".  <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 740 (2d Cir. 2010) (citing <u>LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.</u>, 424 F>3d 195, 205 (2d Cir. 2005)).  Once the moving party has discharged its burden, the opposing party must set out specific facts showing a genuine issue of material fact for trial.  <u>Wright v. Goord</u>, 554 F.3d 255, 266 (2d Cir. 2009).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "mere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist".  <u>Hicks v. Baines</u>, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks, citations and alterations omitted).  In addition, "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment".  <u>Porter v. Quarantillo</u>, 722 F.3d 94, 97 (2d Cir. 2013) (internal quotation marks, citation and alterations omitted).

B.  General Damages

Under New York law, a plaintiff in a breach of contract action may recover general damages, i.e., those damages that are "the natural and probable consequence of the breach". Nat'l Investor Servs. Corp. v. Integrated Fund Servs., Inc., 85 F. App'x 779, 781 (2d Cir. 2004) (internal quotation marks and citation omitted). A non-breaching party seeks general damages when it "seeks only to recover money that the breaching party agreed to pay under the contract". Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc., 487 F.3d 89, 109 (2d Cir. 2007); see also Schonfeld v. Hilliard, 218 F.3d 164, 175 (2d Cir. 2000) ("A plaintiff is seeking general damages when he tries to recover the value of the very performance promised.") (internal quotation marks and citation omitted); Rensselaer Polytechnic Inst. v. Varian, Inc., 340 F. App'x 747, 750 (2d Cir. 2009) (same) (quoting Schonfeld, 218 F.3d at 175).

C.  Prejudgment Interest

In a diversity action, the law of the forum state—here, New York—governs the award of prejudgment interest. Terwilliger v. Terwilliger, 206 F.3d 240, 249 (2d Cir. 2000) (citing Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999)); Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008) (citing Baker v. Dorfman, 239 F.3d 415, 425 (2d Cir. 2000)); see also Rhodes v. Davis, 628 F. App'x 787, 792 (2d Cir. 2015) (applying New York law to calculation of prejudgment interest on supplemental state law claims) (citations omitted). Under New York law, plaintiffs seeking monetary damages for breach of contract are entitled to prejudgment

5

interest as a matter of right. See Rhodes, 627 F. App'x at 792 (quoting N.Y. C.P.L.R. § 5001(a)); Matsumura v. Benihana Nat'l Corp., 465 F. App'x 23, 30 (2d Cir. 2012) (same). Trial courts lack discretion to deny this relief. Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc., 577 F. App'x 58, 61 (2d Cir. 2014) (quoting New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 602-03 (2d Cir. 2003)). The statutory rate for prejudgment interest is 9% per annum calculated on a simple interest basis. Rhodes, 627 F. App'x at 792 (citing N.Y. C.P.L.R. § 5004); Wells Fargo Bank, N.A., 577 F. App'x at 61 (same); Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d Cir. 1998) (same). Damages incurred on or before the cause of action accrued "shall be computed from the earliest ascertainable date the cause of action existed". Marfia, 147 F.3d at 90 (quoting N.Y. C.P.L.R. 5001(b)). "The 'earliest possible date' in contract actions arises when the alleged breach occurred, regardless of the parties' states of mind or subsequent discussions." McNally Wellman Co. v. New York State Elec. & Gas Corp., 63 F.3d 1188, 1200 (2d Cir. 1995) (discussing N.Y. C.P.L.R. § 5001(b) and citing Sobiech v. Int'l Staple & Mach., 867 F.2d 778, 781 (2d Cir. 1989)). However, "where 'damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a reasonable intermediate date.'" Wells Fargo Bank, N.A., 577 F. App'x at 61 (quoting, inter alia, C.P.L.R. § 5001(b)) (alteration omitted).

III.  DISCUSSION

OneCall is entitled to $145,270 plus statutory 9% per annum prejudgment interest running from August 24, 2015 and calculated on a simple interest basis. $145,270 is the undisputed value of the unpaid services OneCall provided under the MSA and, as a result, this amount is a "natural and probable consequence" of iYogi's breach, see Nat'l Investor Servs. Corp., 85 F. App'x at 781, and is recoverable as general damages, see Tractebel Energy Marketing, Inc., 487 F.3d at 109; see also Schonfeld, 218 F.3d at 175; Rensselaer Polytechnic Inst., 340 F. App'x at 750.

The Court must also award 9% per annum prejudgment interest on those damages, calculated on a simple interest basis.  See, e.g., Rhodes, 627 F. App'x at 792 (citing N.Y. C.P.L.R. § 5004); Wells Fargo Bank, N.A., 577 F. App'x at 61 (same); Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d Cir. 1998) (same).  OneCall does not request, and this Court does not award, interest running back to the date of iYogi's alleged breach, August 7, 2015 (see ECF No. 36-4 at 2).  Although August 7, 2015 is the "earliest possible" date OneCall's cause of action accrued, see McNally Wellman Co., 63 F.3d at 1200; see also N.Y. C.P.L.R. § 5001(b); Marfia, 147 F.3d at 90, OneCall continued to incur damages "at various times" until it stopped performing on August 24, 2015, see Wells Fargo Bank, N.A., 577 F. App'x at 61 (quoting, inter alia, N.Y. C.P.L.R. § 5001(b)).[3]  Accordingly, the Court selects August

---

[3] The parties do not raise, and this Court does not consider, the question of whether OneCall had and/or flouted a duty to mitigate damages by curtailing its post-breach performance.  However, the Court notes that Section 5(d) of the MSA requires that OneCall "continue [to] provide the services" under the MSA for some unspecified time period after iYogi exercised its right to terminate. (See ECF No. 36-1 at 3 ¶ 5(d).)

7

24, 2015 as a "reasonable intermediate" starting date for the awarded prejudgment interest.  See Wells Fargo Bank, N.A., 577 F. App'x at 61 (quoting, inter alia, N.Y. C.P.L.R. § 5001(b)) (alteration omitted).

IV.     CONCLUSION

For the reasons set forth above, the Court hereby GRANTS OneCall's motion for summary judgment on damages (ECF No. 35).  OneCall may collect $145,270 from iYogi plus 9% prejudgment interest running from August 24, 2015, calculated on a simple interest basis.  The Clerk of Court is directed to terminate the motion at ECF No. 35 and to close this case.

SO ORDERED.

Dated:      New York, New York
            October 14, 2016

_____
KATHERINE B. FORREST
United States District Judge